**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **LAURA A. WEBER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO.  1:10-CV-359** |
| | ) | |
| **MICHAEL J. ASTRUE, Commissioner** | ) | |
| **of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Plaintiff Laura Weber brought this suit to contest a denial of disability benefits by

Defendant Michael J. Astrue, Commissioner of Social Security.  On December 2, 2011, this

Court entered an Opinion and Order, reversing the Commissioner's denial of benefits and

remanding the case for further proceedings. (Docket # 34.)

Weber has now filed a motion and supplemental motion to recover attorney fees in the

amount of $10,304.80 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

(Docket # 36, 47; *see also* Docket # 52.)  Although the Commissioner concedes that Weber is

entitled to attorney fees as a prevailing party, it argues that the amount of the fee request is

unreasonable, both in the number of hours expended and the requested hourly rate. (Docket #

39.)

For the following reasons, Weber's motion for award of attorney's fees will be

GRANTED.

### A.   The Time Weber Spent Preparing Her Reply Brief Will Not Be Reduced

Weber's fee request seeks payment for 58.55 hours of work performed by her attorney, Joseph Shull, in federal court. (Docket # 36, 47, 52.)  The components of the fee request are as follows: 19.5 hours reviewing the case and drafting the opening brief; 20.65 hours reviewing the response brief and drafting the reply brief; and 18.40 hours drafting the reply brief and supplement to the motion for fees. (Docket # 38, 48, 52.)

Weber, as the fee applicant, has the burden of proving that the EAJA fees sought are reasonable. *See* 28 U.S.C. § 2412(d)(1)(B); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Factors that the Court should consider in evaluating the reasonableness of a fee request are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.3.

"Hours that are not properly billed to one's *client* are also not properly billed to one's *adversary* pursuant to statutory authority." *Id.* at 434 (emphasis in original; internal quotation marks and citation omitted).  "As a result, the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Davenport v. Astrue*, No. 2:07-CV-0064-PRC, 2008 WL 2691115, at *7 (N.D. Ind. July 3, 2008) (citing *Hensley*, 461 U.S. at 434).  "The amount of a fee award is left to the discretion of the district court because of its 'superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" *Id.* (quoting

2

*Hensley*, 461 U.S. at 437).

Here, the Commissioner argues that the amount of time Weber spent preparing the reply brief to her appeal, 20.65 hours, was excessive in comparison to the 19.5 hours she spent on her opening brief, particularly because the reply brief was only nine pages in length and Weber conceded one of her three arguments.  Weber, however, contends that this time was necessary to reply to the Commissioner's twenty-five page response brief and describes in some detail the two primary arguments and seven sub-arguments she raised in opposition to the Commissioner's challenges.

The Court is not particularly persuaded by the Commissioner's bald assertion that an attorney should, as a general rule, spend significantly less time on a reply brief than an opening brief.  As at least one other court has observed, "the reply brief is often the more important brief an appellant (or moving party) files.  The reply brief requires an analysis of the issues in light of the opposing party's factual and legal arguments." *Hall v. Astrue*, No. 1:09-cv-783, 2010 WL 5341879, at *2 (S.D. Ind. Dec. 20, 2010).  Furthermore, "a brief's ultimate length offers only an imprecise measure of the amount of research, thought, writing, revising and proofreading that went into it." *Groskreutz v. Barnhart*, No. 02-C-454-C, 2005 WL 567814, at *2 (W.D. Wis. Feb. 28, 2005).

Nevertheless, the Commissioner's assertions are not without some merit.  The arguments Weber raised in this case were not particularly novel or complex.  She contended that the administrative law judge failed to adequately incorporate her concentration limitations into the hypothetical posed to the vocational expert and also improperly discounted her credibility and treating physician's opinion.  In her reply brief, Weber conceded the first of these arguments and

appeared to rely, at least to some extent, on material prepared for the opening brief.  The Court "agree[s] that nearly 20 hours for a [9]-page reply brief covering well-known territory is on the high side . . . ." *Id.*; *see Golzer v. Astrue*, No. 09 C 1847, 2011 WL 3755180, at *2 (N.D. Ill. Aug. 25, 2011) (collecting cases and concluding that 20.7 hours for a ten-page reply brief that required little or no research beyond that already performed for the opening brief was excessive).

Nevertheless, this case was fact-intensive, as the transcript was 1,194 pages in length, and Weber's reply included an analysis of substance abuse issues and numerous Global Assessment of Functioning scores of record, increasing it slightly in complexity.  Moreover, the total amount of time that Weber's attorney spent on her appeal, 40.15 hours (which excludes the 18.4 hours spent briefing the fee petition—time that the Commissioner does not challenge), is within the range of hours that this Court has considered reasonable for social security appeals. *See, e.g., Snider v. Astrue*, No. 1:08-cv-53, 2009 WL 1766925, at *5 n.3 (N.D. Ind. June 23, 2009) (concluding that 54.50 hours of work on appeal was reasonable and in line with other Social Security cases in the circuit); *Dominguese v. Barnhart*, No. 99-C-0596, 2002 WL 32318281, at *6 (E.D. Wis. July 12, 2002) (collecting cases where fee awards from 53.5 to 66.95 hours of work in a Social Security appeal were considered reasonable).

Therefore, in this particular instance, the time expended by counsel on the reply brief "is not so patently unreasonable as to warrant a reduction." *Groskreutz*, 2005 WL 567814, at *2 (commenting that the court was "loathe to second-guess the reasonableness of time expended by counsel preparing briefs in social security cases" since the claimants "have no other method by which to present their case to the court and must attack every potentially reversible aspect of the commissioner's decision in a single brief").  Consequently, the Court overrules the

4

Commissioner's objection to the number of hours that Weber expended on her appeal and declines to reduce Weber's requested fee award on that basis.

### B.  Weber's Requested Hourly Rate of $176 Will Not Be Reduced

The Commissioner also argues that the enhanced hourly rate that Weber seeks, $176, is not warranted, contending that any fee award should instead be calculated at the statutory rate of $125 per hour.  Weber, however, has justified the enhanced hourly rate, and thus the Commissioner's objections are again unpersuasive.

The EAJA "does not authorize an award of the prevailing hourly rate, as such, unless it is less than $125 an hour.  For that matter it doesn't authorize an award of $125 per hour, or even $125 plus inflation." *Matthews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011) (citations omitted).  "The $125 rate is a presumptive ceiling; to justify a higher rate the plaintiff must point to inflation or some other special factor." *Id.* (citations omitted); *see* 28 U.S.C. § 2412(d)(2)(A)(ii) ("[A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.").  "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Scott v. Astrue*, No. 08 C 5882, 2012 WL 527523, at *5 (N.D. Ill. Feb. 16, 2012) (quoting *Hensley*, 461 U.S. at 433).

"If [the party] points to inflation [s]he must still show that it actually justifies a higher fee; for while it might seem obvious that a statutory price ceiling should be raised in step with inflation, to do that as a rote matter would produce windfalls in some cases." *Matthews-Sheets*, 653 F.3d at 563; *accord Heichelbech v. Astrue*, No. 3:10-cv-65, 2011 WL 4452860, at *2 (S.D.

5

Ind. Sept. 26, 2011).  Therefore, "the lawyer seeking an adjustment must show that inflation has increased the cost of providing adequate legal service to a person seeking relief against the government." *Matthews-Sheets*, 653 F.3d at 563 (citations omitted).

"An inflation adjustment must . . . be justified by reference to the particular circumstances of the lawyer seeking the increase." *Id.* at 563-64 ("Suppose inflation had not affected the wages he pays his clerical employees, or had been offset by advances in law-office technology or changes in the standards and procedures of the Social Security Administration that made it cheaper to litigate claims for disability benefits.").  "[T]o demonstrate that inflation has had such an effect, [p]laintiff must 'show that without a cost of living increase . . ., a lawyer capable of competently handling the challenge that his client mounted to the denial of social security disability benefits could not be found in the relevant geographical area to handle such a case.'" *Heichelbech*, 2011 WL 4452860, at *2 (quoting *Matthews-Sheets*, 653 F.3d at 563); *accord  Scott*, 2012 WL 527523, at *5.

Here, in support of his request for the enhanced hourly rate, Shull produces the Affidavit of Steven Jackson, an experienced local attorney who practices in the area of health care law and is the current liaison to the Seventh Circuit Bar Association for members residing in the Northern District of Indiana.  In the Affidavit, Jackson attests to Shull's "exceptional" accomplishments, qualifications, and experience in the area of Social Security disability law and opines that $300 per hour "is a fair and reasonable estimate of a non-contingent hourly rate for an attorney doing similar work" in federal court. (Jackson Aff. ¶¶ 2, 3, 8.)

Shull also filed his own Affidavit, representing that he has experienced increased expenses since 1996, most significantly in the wages that he pays to his employees.  Shull

6

elaborates that as far back as 1996 he has started his calculations for annual employee raises with the cost of living factor for the previous year. (Shull Aff. ¶ 3.)  He also states that his "subscription to disability cases in the federal court, regulations, and so on" was about $200 in 2002 and is now $1,100. (Shull Aff. ¶ 4.)  Shull then explains that he used the "All Urban" index to compute the cost of living increase for the fee request, explaining in detail how he calculates the increase in cost of living from the information obtained from the Bureau of Labor Statistics.[1] *See, e.g.*, *Koschnitzke v. Barnhart*, 293 F. Supp. 2d 943, 953 (E.D. Wis. 2003) (stating that the Consumer Price Index is an acceptable source for calculating an increase in the cost of living, which should be calculated from 1996, when the maximum rate of $125 was set, to the date the work was performed).

Based on this information, the Court concludes that Shull has adequately justified his request for an enhanced hourly rate, and thus Weber's request for the award of attorney fees will be granted as calculated at $176 per hour.

### C. Conclusion

For the foregoing reasons, Plaintiff's motion (Docket # 23) and supplemental motion

---

[1] Shull has consistently been using the "All Urban" index to compute the cost of living increase for his EAJA fees before this Court for at least five years. *See, e.g.*, Mem. in Supp. of Mot. for Award of Atty's Fees, *Gaskill v. Astrue*, No. 1:08-cv-308 (N.D. Ind. Mar. 1, 2010); Mem. in Supp. of Mot. for Award of Atty's Fees, *Gray v. Astrue*, No. 1:08-cv-167 (N.D. Ind. July 9, 2009); Mem. in Supp. of Mot. for Award of Atty's Fees, *Owsley v. Astrue*, 1:07-cv-73, 2008 WL 762479 (N.D. Ind. Mar. 19, 2008); Mem. in Supp. of Mot. for Award of Atty's Fees, *Grostefon v. Astrue*, 1:05-cv-135 (N.D. Ind. Mar. 21, 2007); Mem. in Supp. of Mot. for Award of Atty's Fees, *Brooks v. Barnhart*, No. 1:05-cv-377 (N.D. Ind. July 5, 2006).

(Docket # 47; *see also* Docket # 52) for award of attorney's fees under the EAJA in the amount of $10,304.80 are GRANTED.

   SO ORDERED.

   Enter for 28th day of June, 2012.

          S/ Roger B. Cosbey
          Roger B. Cosbey,
          United States Magistrate Judge